UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT WESOLOWSKI,

                              Plaintiff,

                                                      DECISION AND ORDER

                                                      03-CV-6424L

               v.

KATHLEEN A. WASHBURN,
M. HEMENWAY,
VALERIE R. GROVER,
LAWRENCE WEINGARTNER,
PAUL J. TITUS,
MICHAEL MC GINNIS,

                              Defendants.
_____

       Plaintiff, Robert Wesolowski, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that his constitutional rights were violated from 2001 to 2003, while plaintiff was confined at Southport Correctional Facility. The gist of plaintiff's claims is that defendants, all of whom were at all relevant times DOCS employees at Southport, violated plaintiff's rights by interfering with his ability to send outgoing mail, much of which he alleges was of a "legal character."

       Defendants have moved for summary judgment. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted, and the complaint is dismissed.

# DISCUSSION

**I. Plaintiff's Failure to Respond to Defendants' Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant of the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 ($2^d$ Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 ($2^d$ Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #61) and the Court's initial scheduling order (Dkt. #65) both gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond to a motion of summary judgment. It is clear that plaintiff received those documents, since he more than once asked for, and was granted, extensions of time to file a response to the motion. The most recent extension was granted pursuant to a telephone conference with the Court and defense counsel in another action, in which plaintiff brought up the subject of defendants' motion in the case at bar. In an Order memorializing that discussion, the Court granted plaintiff another extension in this case, to April 30, 2009. *See* Dkt. #75. That was the fifth extension of time granted to plaintiff to respond to the pending motion.

In short, there is no question here that plaintiff has been adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to the motion. Since plaintiff has not filed any responding papers, the Court will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Defendants' Motion**

Although, at seventy-five paragraphs plaintiff's complaint is relatively lengthy, and he alleges slightly different facts with respect to the six defendants, in essence all of his claims rest on the allegation that the defendants refused to allow him to send out legal mail, either by their own direct actions or by ratifying or not correcting the actions of others under their supervision. Those allegations implicate two distinct rights: inmates' right of access to the courts, and their right to the "free flow" of mail, both of which are protected under the First Amendment.

Prisoners do have a right–albeit a limited one–to send and receive mail. *See Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006). In addition, legal mail is entitled to greater protection from interference than nonlegal mail. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *accord Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) (citing *Davis*).

To state a claim for denial of access to the courts, however, "a plaintiff must allege that the defendant took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Davis*, 320 F.3d at 351 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)) (additional internal quotation marks omitted). *See also Nash v. McGinnis*, 585 F.Supp.2d 455, 463 (W.D.N.Y.

2008) ("to plead a claim for denial of the constitutional right of access to the courts, a plaintiff must allege actual injury, in the sense that he was prejudiced, by the defendants' actions, in the pursuit of some nonfrivolous claim") (quoting *Collins v. Goord*, 581 F.Supp.2d 563, 573 (S.D.N.Y. 2008).

In the case at bar, plaintiff has failed to present evidence demonstrating that he suffered any such prejudice as a result of defendants' actions. At most, he appears to have been inconvenienced, and to have had some delays in his outgoing mail. That is not enough to support a § 1983 claim. *See Davis*, 320 F.3d at 352; *Nash*, 585 F.Supp.2d at 463; *Dolberry v. Levine*, 567 F.Supp.2d 413, 419 (W.D.N.Y. 2008). *See also Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (prisoner asserting claim of denial of right of access to the courts must show "actual injury") (quoting *Lewis*, 518 U.S. at 351).

In addition, the undisputed facts show that all that defendants did here was to determine that certain mail did not qualify as "legal mail" under the applicable DOCS regulations, and to reject certain letters and other items that plaintiff sought to mail because of his noncompliance with the relevant regulations. The record before me indicates that those determinations were correct. *See Maisano v. Morgel*, No. 07-CV-11364, 2008 WL 559550, at *9 (E.D.Mich. Feb. 27, 2008) ("The determination of whether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's 'legal mail' is a question of law properly decided by the court") (citing *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003)); *see also Moore v. Schuetzle*, 354 F.Supp.2d 1065, 1080 and n.6 (D.N.D. 2005) (letter to prisoner from the Innocence Project was probably not "legal mail" under Eighth Circuit precedent, but even if the Court were to determine that the letter was legal mail,

prisoner's claim would fail, since plaintiff failed to establish that his right to counsel or access to the courts was interfered with by defendants' opening of the letter)

Even if some of those determinations concerning whether plaintiff's mail qualified for free postage were incorrect, however, I agree with defendants that they are entitled to qualified immunity from liability for their actions in that regard. Particularly given the applicable DOCS regulations (which themselves do not appear to be inconsistent with inmates' federal constitutional rights), defendant's "actions did not violate any of plaintiff's clearly established rights of which a reasonable person in [defendants'] position would have known." *Pettus v. McGinnis*, 533 F.Supp.2d 337, 340 (W.D.N.Y. 2008); *see*, *e.g.*, *Gardner v. Howard*, 109 F.3d 427, 431 and n.1 (8th Cir. 1997) (prison employee was entitled to qualified immunity from liability for her act involving exercise of discretion in determining what incoming mail qualified as confidential legal mail under Nebraska DOCS policy). *Maisano*, 2008 WL 559550, at *9 (defendant was entitled to dismissal, on qualified-immunity grounds, of claim alleging interference with legal mail, where legal mail at issue, though it "came from a legal source," did not implicate inmate's right of access to the courts).

Likewise, I see no basis here for a claim that defendants violated plaintiff's right to the free flow of mail. There is no indication of any invidious intent on defendants' part, and as stated, all that defendants did was to require plaintiff's compliance with the relevant DOCS regulations concerning outgoing mail. *See Nash*, 585 F.Supp.2d at 463.

Finally, to the extent that defendants are named in their official capacities, all such claims must be dismissed in any event. Claims against state employees in their official capacity are deemed claims against the state itself, and are barred by the Eleventh Amendment. *See Kentucky v. Graham*,

473 U.S. 159, 166 (1985); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990), *cert. denied*, 501 U.S. 1211 (1991); *Brown v. New York State DOCS*, 583 F.Supp.2d 404, 411 (W.D.N.Y. 2008).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #61) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 18, 2009.